**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL TURNER,

Plaintiff,

vs.

SLGUPTA, Inc.,

Defendant.

Case No. 12-2537-EFM-DJW

**COMPLAINT**

Plaintiff, Michael Turner, for his claims against Defendant, SLGUPTA, Inc., states and alleges the following:

**JURISDICTION AND VENUE**

1. This is a failure to accommodate case based upon and arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law.

3. All of the unlawful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff, Michael Turner, is a citizen of Colorado, who was staying at a Best Western hotel owned by Defendant and located in Topeka, KS, when the incidents set forth below took place.

5. Defendant, SLGUPTA, Inc., is a Kansas corporation that owns the Best Western hotel located in Topeka, KS, where the incidents set forth below took place.

## FACTUAL ALLEGATIONS

6. In early December, 2011, Plaintiff contacted the Best Western (hereinafter "Hotel") and made a reservation for him and his family to stay at the hotel on the night of December 19, 2011.

7. While making said reservation, Plaintiff specifically advised an employee of the Hotel that he was blind and was traveling with a service animal. He also advised that he would need a king sized bed as his wife and four year old son were staying with him.

8. On December 19, 2011, Plaintiff and his family arrived at the Hotel and Plaintiff went inside to pay for the room and receive his room key.

9. After being charged for a room, Plaintiff was advised that despite his reservation of a room with a king sized, he would not be receiving one as the only king sized bed available was on the second floor and "pets" were not allowed on the second floor.

10. Plaintiff attempted to advise the employee that his dog was not a pet but rather a service animal and that pursuant to the Americans with Disabilities Act service animals are allowed to accompany people with disabilities in all areas of a facility where the public is normally allowed to go.

11. Despite his attempt, Plaintiff was denied a room on the second floor and thereby denied the king sized bed that he had reserved.

12. After being denied a room Plaintiff promptly requested that the employee refund the charge that was placed on his credit card. The employee refused to refund the charge.

13. Plaintiff proceeded to go outside to tell his wife about the problems that he was incurring. When he attempted to reenter the Hotel, Plaintiff discovered that the employee had locked the door thus preventing Plaintiff from reentering the Hotel and obtaining his refund.

14. Upon being denied re-entry, Plaintiff called the Topeka Police Department. The officers, after arriving and speaking with the employee, advised Plaintiff that the owner of the Hotel requested that he be removed from the property.

15. Mr. Turner was promptly removed from the property by officers of the Topeka Police Department.

## COUNT 1: FAILURE TO ACCOMMODATE PLAINTIFF IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Under the Americans with Disabilities Act, businesses that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility the public is normally allowed to go.

18. Mr. Turner has at all times relevant to this litigation qualified as a person with a disability under the ADA.

19. The canine that accompanied Mr. Turner at all times relevant to this litigation qualifies as a service animal under the ADA.

20. Defendant owns and operates a business that serves the public.

21. Defendant wrongfully refused to allow Plaintiff and his family access to the room that they had reserved because Plaintiff was accompanied by a service animal.

22. As a result of the wrongful actions taken by Defendant, Plaintiff has suffered damages in the form of mental anguish, anger, emotional distress, and loss of enjoyment of life.

WHEREFORE Plaintiff prays for judgment against Defendant in the form of injunctive and declaratory relief, attorney fees, litigation expenses, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY: S/Alan V. Johnson
Alan V. Johnson, KS #9992
S/Derek L. Brown
Derek L. Brown, KS #25076
1000 Bank of America Tower
534 South Kansas Avenue
Topeka, Kansas 66603-3456
**Attorneys for Plaintiff**

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. Pro. 38, Plaintiff requests a trial by jury on all claims triable to a jury.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY: S/Alan V. Johnson
Alan V. Johnson, KS #9992
Derek L. Brown, KS #25076
1000 Bank of America Tower
534 South Kansas Avenue
Topeka, Kansas 66603-3456
**Attorneys for Plaintiff**

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY: S/Alan V. Johnson
Alan V. Johnson, KS #9992
Derek L. Brown, KS #25076
1000 Bank of America Tower
534 South Kansas Avenue
Topeka, Kansas 66603-3456
**Attorneys for Plaintiff**